UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES PARRIS,                                )
                                             )
                Plaintiff,   )   **AMENDED COMPLAINT**
                                             )
    -against-                              )   **JURY TRIAL DEMANDED**
                                             )
THE CITY OF NEW YORK; NYPD POLICE            )   20 Civ. 10847 (NRB) (BCM)
OFFICER CARLOS GOMEZ, Shield No. 14919;      )
NYPD POLICE OFFICER KELVIS RODRIGUEZ         )
(resigned); NYPD LIEUTENANT ERIC DYM;        )
NYPD POLICE OFFICER JAMES WECK, Shield       )
No. 10752; NYPD POLICE OFFICER JOSE          )
TEJADA, Shield No. 06150; NYPD POLICE        )
SERGEANT NATALIE BAUTISTA, Shield No.        )
01127; JOHN DOE SERGEANT; JOHN DOES;         )
And RICHARD ROES,                            )
                                             )
                Defendants.  )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff JAMES PARRIS seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth, and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5. Plaintiff JAMES PARRIS was at all times relevant herein a resident of the State of New York, Bronx County. Plaintiff JAMES PARRIS is African-American.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7.      Defendants NYPD POLICE OFFICER CARLOS GOMEZ, NYPD POLICE OFFICER KELVIS RODRIGUEZ (resigned), NYPD LIEUTENANT ERIC DYM, NYPD POLICE OFFICER JAMES WECK, NYPD POLICE OFFICER JOSE TEJADA, NYPD POLICE SERGEANT NATALIE BAUTISTA, JOHN DOE SERGEANT, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants NYPD POLICE OFFICER CARLOS GOMEZ, NYPD POLICE OFFICER KELVIS RODRIGUEZ (resigned), NYPD LIEUTENANT ERIC DYM, NYPD POLICE OFFICER JAMES WECK, NYPD POLICE OFFICER JOSE TEJADA, NYPD POLICE SERGEANT NATALIE BAUTISTA, JOHN DOE SERGEANT, and JOHN DOES are sued individually.

8.      Defendants NYPD POLICE OFFICER KELVIS RODRIGUEZ (resigned), NYPD LIEUTENANT ERIC DYM, NYPD POLICE OFFICER JAMES WECK, NYPD POLICE OFFICER JOSE TEJADA, NYPD POLICE SERGEANT NATALIE BAUTISTA, JOHN DOE SERGEANT and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK

and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants NYPD POLICE OFFICER KELVIS RODRIGUEZ (resigned), NYPD LIEUTENANT ERIC DYM, NYPD POLICE OFFICER JAMES WECK, NYPD POLICE OFFICER JOSE TEJADA, NYPD POLICE SERGEANT NATALIE BAUTISTA, JOHN DOE SERGEANT and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

9.     On December 14, 2019, approximately 9 or 10 p.m., Plaintiff was walking by himself along Union Avenue in the Bronx, NY.

10.     With no legal justification whatsoever, an NYPD police car pulled up, and two plainclothes JOHN DOES police officers - on information and belief two of Defendants GOMEZ, RODRIGUEZ, DYM, WECK, TEJADA, or BAUTISTA - got out of the car and approached Plaintiff (and two other plainclothes JOHN DOES policer officers, on information and belief two of the aforementioned individuals, also remained in the car).

11.     The two JOHN DOES who approached Plaintiff told Plaintiff to take Plaintiff's hands out of his pockets, and Plaintiff did so.

12. The two JOHN DOES unlawfully searched Plaintiff, including going inside of Plaintiff's pockets.

13. Plaintiff asked why he had been stopped and searched.

14. Plaintiff's query seemed to annoy the JOHN DOES.

15. The JOHN DOES responded, in sum and substance, that someone had been shot some time before that, and that Plaintiff looked like he had a gun on him.

16. That statement was both false and nonsensical: there was nothing about Plaintiff that looked like Plaintiff had a gun on him.

17. Plaintiff had no weapons, or other contraband, of any kind on him.

18. The JOHN DOES also told Plaintiff, similarly falsely and nonsensically, that he looked like someone who was wanted.

19. The JOHN DOES also asked Plaintiff to provide his name and his identification, and Plaintiff declined to provide his name and identification, which made the JOHN DOES angry.

20. While Plaintiff was detained at the scene in the JOHN DOES' custody, Plaintiff smoked a cigarette.

21. While Plaintiff was detained at the scene in the JOHN DOES' custody and smoking a cigarette, he was nervous and felt a surfeit of saliva and the need to spit.

22. Plaintiff turned his body away from the officers and bent over and spit on the ground to relieve himself of the need to spit.

23. Plaintiff did not spit at the officers, and only spit because he felt a surfeit of saliva and the need to spit.

24. The JOHN DOES' illegal stop and harassment of Plaintiff created the conditions that caused Plaintiff to feel nervous and to need to spit.

25. One of the JOHN DOES seized on Plaintiff having spit as a pretext to arrest Plaintiff and said, "there you go, you just spit," and Plaintiff was then immediately rear-handcuffed by the JOHN DOES.

26. When Plaintiff was rear-handcuffed he had his lit cigarette in his mouth.

27. Unable to remove the lit cigarette from his mouth with his hands because the JOHN DOES had rear-handcuffed him, Plaintiff opened his mouth and let the lit cigarette fall to the ground.

28. Plaintiff was arrested in retaliation for his questions and for declining to provide his name and identification.

29. Some of the JOHN DOES then proceeded to turn off the body worn cameras that they were wearing, that previously were on, and handcuffed Plaintiff without any lawful justification.

30. None of the body worn camera footage produced by Defendants in discovery to date show the initial stop of Plaintiff, and all the footage begins after Plaintiff had initially been stopped and initially searched.

31. The handcuffs were placed on Plaintiff with a punitive and excessive tightness, and the handcuffs were not double-locked to prevent them from slipping.

32. While at the scene the JOHN DOES removed Plaintiff's identification and ran Plaintiff's identification on a hand-held computer or phone, and unlawfully accessed Plaintiff's sealed arrest history.

33. The JOHN DOES commented on Plaintiff's sealed arrest history, and mocked Plaintiff, including concerning religious beads he was wearing (asking Plaintiff who the priest was who had blessed Plaintiff's beads).

34. The JOHN DOES also unlawfully searched the contents of Plaintiff's phone, and deleted data from Plaintiff's phone.

35. After he was handcuffed Plaintiff was placed into the police car, and taken to a local NYPD precinct in the Bronx.

36. While he was in the police car, Plaintiff complained concerning the tightness of the handcuffs, but they were not adjusted by the transporting JOHN DOES.

37. At the precinct, a JOHN DOE told Plaintiff that candy that Plaintiff had on him was "perishable," and that candy was never returned to Plaintiff.

38. At the precinct Plaintiff was placed into a cell.

39. The JOHN DOES tried to ask Plaintiff questions throughout his time in custody, including asking Plaintiff where they could find guns, but Plaintiff refused to answer any of their questions.

40. Plaintiff's silence seemed to annoy the JOHN DOES.

41. While Plaintiff was at the precinct, one of the JOHN DOES strip searched Plaintiff in the cell, requiring Plaintiff to remove all of his clothes and squat, and spread his buttocks for a visual inspection of his anus by the JOHN DOE, and lift his testicles so that the JOHN DOE could look under his testicles.

42. On information and belief, the strip / visual cavity search was ordered by a JOHN DOE SERGEANT with whom the JOHN DOES had conferred at the precinct.

43. After being held at the precinct for a few hours, Plaintiff was released with two summonses, which wrongfully charged Plaintiff with littering (for disposing of a lit cigarette butt onto a public sidewalk) and with spitting on the sidewalk.

44. Those allegations are legally baseless: As noted, supra, Plaintiff spit because his unlawful detention by the JOHN DOES made him feel nervous and made him feel the need to spit, and Plaintiff let the lit cigarette fall from his mouth because the JOHN DOES had rear-handcuffed him with the lit cigarette in his mouth.

45. The summonses were signed and affirmed under penalty of law by Defendant GOMEZ, and commanded Plaintiff to appear in Criminal Court on February 21, 2020 to answer the bogus charges.

46. On February 13, 2020 Plaintiff received a text message (presumably from someone at the Criminal Court) informing him that the summonses had been resolved, and that Plaintiff did not need to come to court.

47. A significant portion - although not all of - Plaintiff's interactions with the JOHN DOES was recorded on the JOHN DOES' body worn cameras, and has been produced along with the Defendants' Local Rule 83.10 disclosures.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

48. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

49. By their conduct and actions in seizing plaintiff and his property, searching

plaintiff and his property, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, trespassing upon plaintiff and his property, converting Plaintiff's property, unlawfully accessing Plaintiff's sealed arrest history, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff (including fabricating evidence against plaintiff), violating and retaliating for the exercise of plaintiff's right to free speech, violating and retaliating for the exercise of plaintiff's right to remain silent, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, Defendant GOMEZ, NYPD POLICE OFFICER KELVIS RODRIGUEZ (resigned), NYPD LIEUTENANT ERIC DYM, NYPD POLICE OFFICER JAMES WECK, NYPD POLICE OFFICER JOSE TEJADA, NYPD POLICE SERGEANT NATALIE BAUTISTA, JOHN DOE SERGEANT, JOHN DOES and/or RICHARD ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth, and Fourteenth amendments.

50.   As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

51. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

52. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants NYPD LIEUTENANT ERIC DYM, NYPD POLICE SERGEANT NATALIE BAUTISTA, JOHN DOE SERGEANT and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth, and Fourteenth amendments.

53. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

54. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

55. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

56. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

57. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

58. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, and arrests, which are implemented disproportionately upon people of color, and particularly upon young men of color. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

59. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of unlawfully accessing information concerning sealed

11

arrests. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

60. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech, and for individuals' exercise of their right to remain silent, in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct, or refusing to cooperate with them. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

61. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
May 12, 2021

_____/S/_____
JEFFREY A. ROTHMAN, Esq.
305 Broadway, Suite 100
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff